06-CR-05345-PLAGR

FILED_____ LODGED
_____ RECEIVED

**MAY 3 1 2006**

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHON C. COON,<br><br>    Defendant. | NO.   CR06-5345JKA<br><br>PLEA AGREEMENT |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and James D. Oesterle, Assistant United States Attorney for said District, and the defendant, JONATHON C. COON, and his attorney, Alan J. Wertjes, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.    <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a magistrate judge, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information.

    a.    Unlawfully taking migratory game birds by the aid of baiting, or on or over any baited area where the Defendant knew or reasonably should have known that the area was baited, in violation of Title 16, United States Code, Sections 704(b)(1) and 707(a) and Title 50, Code of Federal Regulations, Sections 20.11 and 20.21(i).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. <u>Elements of the Offense</u>. The elements of the offense of unlawfully taking migratory game birds by aid of baiting as charged in Count 1, in violation of Title 16, United States Code, Section 704(b)(1) and 707(a), and Title 50, Code of Federal Regulations, Sections 20.11 and 20.21(i), are as follows:

First, the Defendant unlawfully took migratory game birds, namely mallard and widgeon;

Second, the taking was by the aid of bait, or on or over a baited area; and

Third, the Defendant knew or should have known that the taking was by the aid of bait, or on or over a baited area.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of unlawfully taking migratory game birds by aid of baiting, as charged in Count 1 are as follows: imprisonment for up to six (6) months, a fine of up to Fifteen Thousand dollars ($15,000.00), a period of supervision following release from prison of not more than one (1) year, and a ten dollar ($10.00) special assessment. If defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. **Rights Waived by Pleading Guilty**. Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

a. The right to plead not guilty, and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a magistrate judge;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Sentencing Considerations**. Defendant understands and acknowledges that, at sentencing, the Court must consider the factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. The Defendant further understands and acknowledges that the United States Sentencing Guidelines do not apply to the count of conviction in this case. U.S.S.G. § 1B1.9. Accordingly, Defendant understands and acknowledges that:

a. After considering the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation offered by the parties, or by the United States Probation Department; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. <u>Agreed Sentencing Recommendation</u> The parties agree to recommend that the appropriate sentence to be imposed by the court on this individual Defendant at sentencing is a fine in the amount of two thousand five hundred dollars ($2,500), and a period of probation of two (2) years. The parties further agree that in addition to the mandatory conditions of probation set forth in Title 18, United States Code, Section 3563(a), the court impose an additional condition requiring Defendant to immediately forfeit all current hunting licenses, stamps, or permits, cease all waterfowl or game hunting during the period of probation, and not seek any hunting license, stamp or permit during the period of probation.

8. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged offense.

Defendant JONATHON C. COON is the son of John Robert Coon. John Robert Coon owns certain real property located on Taylor Ranch Road in Sequim, Washington.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

On or about December 17, 2004, the Defendant placed barley grain on the ground in an area adjacent to a pond on his father's property. The grain was placed on the ground to lure, attract or entice migratory birds over an area where hunters would be attempting to shoot the birds.

Early in the morning of December 19, 2004, Defendant JONATHON C. COON participated in a hunt near the area that had been previously baited. The Defendant knew at the time of the hunt that the grain was placed in the area to lure, attract or entice migratory birds to fly over the area. The Defendant shot and killed several migratory birds, namely mallards and American wigeons, on the morning of December 19, 2004.

10. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, if such a Report is prepared in this case, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

Defendant agrees and acknowledges that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

11. Voluntariness of Plea. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

12. Statute of Limitations. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

13. Post-Plea Conduct. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his/her conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

14. Completeness of Agreement. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties.

//
//
//
//
//
//
//
//

This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 3/ day of May , 2006.


_____
JONATHON C. COON
Defendant


_____
ALAN J. WERTJES
Attorney for Defendant


_____
JAMES D. OESTERLE
Assistant United States Attorney

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970